**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

RICHARD R. HELD, JR.
a/k/a RICK R. HELD, JR.

Case No.  09-30967

Debtor

RICHARD R. HELD, JR.

Plaintiff

v.

Adv. Proc. No.  09-3075

AMERICAN EDUCATION SERVICES,
ED FINANCIAL,
SALLIE MAE, ACS, and
CHASE BANK

Defendants

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

Intervenor

**MEMORANDUM ON MOTION
  FOR SUMMARY JUDGMENT  **

**APPEARANCES:**    SCHUCHARDT LAW FIRM
   Elliott J. Schuchardt, Esq.
   9111 Cross Park Drive
   Suite D-200
   Knoxville, Tennessee  37923
   Attorneys for Plaintiff

  GENTRY, TIPTON & McLEMORE, P.C.
   E. Jerome Melson, Esq.
   Tyler C. Huskey, Esq.

  Post Office Box 1990
  Knoxville, Tennessee 37901-1990
  Attorneys for Defendant American Education Services

 STONE & HINDS, P.C.
  Chadwick B. Tindell, Esq.
  507 Gay Street
  Suite 700
  Knoxville, Tennessee  37902
  Attorneys for Defendant Sallie Mae, Inc.

 WINCHESTER, SELLERS, FOSTER & STEELE, P.C.
  Anthony R. Steele, Esq.
  Post Office Box 2428
  Knoxville, Tennessee  37901-2428
  Attorneys for Defendant Chase Bank

 CHAMBLISS, BAHNER & STOPHEL, P.C.
  Bruce C. Bailey, Esq.
  Theresa Light Critchfield, Esq.
  1000 Tallan Building
  Two Union Square
  Chattanooga, Tennessee  37402
  Attorneys for Intervenor Educational Credit
  Management Corporation

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Presently before the court is the Motion For Summary Judgment filed by the Defendants, Sallie Mae, Inc.[1] and Chase Bank, and the Intervenor, Educational Credit Management Corporation (ECMC) (collectively, Defendants), on December 15, 2009, accompanied by a Joint Statement of Undisputed Material Facts and a Brief in Support of Motion For Summary Judgment as required by E.D. Tenn. LBR 7056-1 and supported by the Plaintiff's Answers to Interrogatories and Responses to Requests For Admissions Pursuant to LBR 9014-1 and in Support of Defendants' Motion For Summary Judgment. The Plaintiff filed his Response in Opposition to Defendants' Motion For Summary Judgment (Response) on January 6, 2010, along with the Plaintiff's Response to Defendants' Statement of Undisputed Material Facts.[2] The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of material undisputed facts in the Plaintiff's underlying Chapter 7 bankruptcy case.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(I) (2006).

---

[1] As hereinafter discussed, the Plaintiff's action has now been settled and dismissed as to Sallie Mae, Inc. The Motion For Summary Judgment is, therefore, as to this Defendant, moot.

[2] E.D. Tenn. LBR 7007-1 states, in material part, that "[u]nless the court directs otherwise, the opposing party [to a motion] must file a response within 21 days after the date of filing of the motion. Any response must be supported by a brief setting forth the facts and the law in opposition to the motion. A failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." The Plaintiff's Response was filed untimely on the 22nd day and was not supported by a separate memorandum of law, but the court will, nevertheless, consider it in this instance. However, the Affidavit of Richard Held in Opposition to Defendants' Motion For Summary Judgment, which is not notarized or otherwise properly acknowledged, does not contain the Plaintiff's handwritten signature as required by Section III.A.2. of the E.D. Tenn. Administrative Procedures for Electronic Case Filing, effective May 17, 2005, as amended, and has not been considered in the court's determination of the Motion For Summary Judgment.

# I

The Plaintiff's joinder of multiple student loan defendants and the current ownership status of the various student loans has caused the record to be somewhat confusing with the result that the court finds it necessary to briefly discuss the procedural history of this adversary proceeding to date.

The Plaintiff filed the Complaint to Determine Dischargeability of a Debt on June 3, 2009, naming American Education Services, Ed Financial, and Sallie Mae as defendants. An Amended Complaint to Determine Dischargeability of a Debt (Complaint) was filed on June 23, 2009, adding Chase Bank and ACS as party defendants. On July 23, 2009, ECMC filed a Motion to Permit Intervention, averring that it was receiving a transfer of loans from one or more of the five Defendants, and on August 4, 2009, the court entered an Agreed Order For Intervention allowing ECMC to intervene. Thereafter, ECMC, on August 11, 2009, filed its Answer to Amended Complaint to Determine Dischargeability of a Debt, averring that it was, as the assignee of each of the five Defendants, the current holder of the Plaintiff's student loan obligations. A Stipulation of Dismissal was filed on October 4, 2009, dismissing the Complaint, without prejudice, as to American Education Services. A Motion For Default Judgment filed by the Plaintiff on December 18, 2009, seeking a default judgment as to Ed Financial and ACS was denied by the court on January 15, 2010. On January 14, 2010, the court entered an Agreed Order in Settlement of Complaint to Determine Dischargeability of a Debt Between Plaintiff and Defendant, Sallie Mae, Inc., resolving all issues between the Plaintiff and Sallie Mae, Inc. and dismissing the Complaint as to that Defendant.

Presumably, the Plaintiff's student loan obligations owing American Education Services, Sallie Mae, Inc., and Chase Bank have been reassigned by ECMC to those Defendants, as they have appeared independently of ECMC in this adversary proceeding. Nevertheless, the court's resolution of the Motion For Summary Judgment is dispositive of the Plaintiff's hardship discharge claim as to the Intervenor and all remaining Defendants.

## II

The Plaintiff filed the Voluntary Petition commencing his case under Chapter 7 of the Bankruptcy Code on February 23, 2009, and obtained a general discharge of his debts on July 8, 2009. Pursuant to the Complaint, he asks the court to determine that it would be an undue hardship for him to pay his student loan obligations owed to the Defendants and that they were, accordingly, discharged. Two of the Defendants, Chase Bank, and Sallie Mae, Inc., and the Intervenor, ECMC, collectively filed the Motion For Summary Judgment; however, on January 14, 2010, as discussed, the court entered the Agreed Order in Settlement of Complaint to Determine Dischargeability of a Debt Between Plaintiff and Defendant, Sallie Mae, Inc., dismissing the Complaint as to Sallie Mae, Inc. and memorializing their agreement that the balance owed to this Defendant would be reduced to $32,000.00 plus 3% interest, to be repaid at $151.75 per month, and that those amounts were nondischargeable. As a result, the Motion For Summary Judgment now relates only to Chase Bank and ECMC (collectively referred to as Defendants), as the assignee and holder of the Ed Financial and ACS loans.[3]

---

[3] As discussed, on January 15, 2010, the court denied the Motion For Default Judgment filed on December 18, 2009, by the Plaintiff with respect to ACS and Ed Financial. Because ECMC is the assignee of these loans, the court
(continued...)

In their Motion For Summary Judgment, the Defendants argue that the undisputed facts show that the Plaintiff cannot prove that payment of his student loan obligations is an undue hardship as required by 11 U.S.C. § 523(a)(8) (2006) and relevant precedential case law because he can maintain a minimal standard of living, his circumstances are too recent to prove a future inability to make payments while his present inability to pay is the direct result of his freely-made decisions, and he has not made a good faith attempt to repay his student loans. In his Response, the Plaintiff argues that he has met the burden of proving an undue hardship exists.

### III

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). As movants, the Defendants bore the initial burden of proof that there are no genuine issues of material fact and that

---

[3](...continued)
deems its resolution of the present Motion For Summary Judgment also dispositive of the Plaintiff's claims against them.

they are entitled to judgment as a matter of law. *Owens Corning v. National Union Fire Insurance Company*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifted to the Plaintiff, as the nonmoving party, to provide sufficient proof of a genuine issue for trial through the use of affidavits or other evidence, FED. R. CIV. P. 56(e)(2), but not through reliance upon the allegations or denials contained in the pleadings, as reliance upon a "mere scintilla of evidence in support of the non-moving party is insufficient." *Nye v. CSX Transportation, Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Harris v. General Motors Corporation*, 201 F.3d 800, 802 (6th Cir. 2000).

The court views the facts and all resulting inferences in a light most favorable to the non-moving party and will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law[,]" *Anderson*, 106 S. Ct. at 2512, but "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 106 S. Ct. at 1356 (citations omitted).

### IV

Dischargeability of debts is determined under the direction of 11 U.S.C. § 523(a), which provides, in material part, that an individual debtor does not receive a discharge under 11 U.S.C. § 727(a) (2006)[4] of the following kind of debt:

---

[4] Chapter 7 debtors receive a discharge of pre-petition debts, "[e]xcept as provided in section 523 of this title[.]" 11 U.S.C. § 727(b) (2006). This accomplishes the goals of Chapter 7 to relieve "honest but unfortunate" debtors of their debts and allow them a "fresh start" through this discharge. *Buckeye Retirement, LLC v. Heil (In re Heil),* 289 B.R. 897,
(continued...)

7

> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
>
>> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>>
>> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>>
>> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

11 U.S.C. § 523(a)(8). Because student loans enjoy a presumption of nondischargeability, a debtor seeking a discharge must establish that repayment will impose an undue hardship by a preponderance of the evidence. *Siegel v. U.S.A. Group Guarantee Servs. (In re Siegel)*, 282 B.R. 629, 634 (Bankr. N.D. Ohio 2002); *Daugherty v. First Tenn. Bank (In re Daugherty)*, 175 B.R. 953, 955 (Bankr. E.D. Tenn. 1994).

The Bankruptcy Code does not define undue hardship, leaving the determination to the courts, and the Sixth Circuit, along with the majority of courts, has adopted the *Brunner* test, requiring a debtor seeking to establish that repayment of all or a portion of student loan debt imposes an undue hardship to demonstrate the following:

> "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."

---

[4](...continued)
901 (Bankr. E.D. Tenn. 2003) (quoting *In re Krohn*, 886 F.2d 123, 125 (6th Cir. 1989) (citing *Local Loan Co. v. Hunt*, 54 S. Ct. 695, 699 (1934))). As previously stated, the Order granting the Debtor's discharge was entered on July 8, 2009.

*Oyler v. Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382, 385 (6th Cir. 2004) (quoting *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)). The Plaintiff bears the burden of proving all three prongs by a preponderance of the evidence, and his failure to prove any one will result in a finding that repayment does not impose an undue hardship; however, it is a fact intensive inquiry, determined on a case-by-case basis, and he is "accorded the benefit of the doubt as to all factual evidence and all reasonable inferences must be drawn in [his] favor." *Bedra v. Direct Loan Serv. Sys. (In re Bedra)*, 405 B.R. 461, 463 (Bankr. N.D. Ohio 2008). Accordingly, summary judgment is generally not appropriate on the issue of undue hardship unless the facts are fully developed and undisputed or the movant "can establish its right to summary judgment by presenting evidence negating an essential element of the [Plaintiff's] claim or by pointing to specific portions of the record which demonstrate that the [Plaintiff] cannot meet [his] burden at trial." *Bedra*, 405 B.R. at 463-64.

Having reviewed the pleadings, the Motion For Summary Judgment, the Joint Statement of Undisputed Material Facts, the Response, and the supporting disclosure materials, and for the reasons set forth herein, the court finds that, even taking the record in a light most favorable to the Plaintiff, there are no genuine issues of material fact that could sustain the Plaintiff's cause of action, and the remaining Defendants are each entitled to summary judgment that the debts owed to them by the Plaintiff are nondischargeable debts and were not discharged on July 8, 2009.

The following facts are not in dispute. The Plaintiff obtained a B.A. degree from the University of Tennessee in 1988, and a post-baccalaureate education through Lincoln Memorial University, completing his course of study in 2006. JT. STMT. MAT. FACTS at ¶¶ 3-4; ANS. TO

9

INTERROGS. at ¶ 5. While completing his education, the Plaintiff incurred student loan debt to the Defendants, the outstanding balances, inclusive of principal, interest, and attorneys' fees, and the monthly payments of which, as of the filing date, were as follows:

| Creditor | Balance | Monthly Payment |
|---|---|---|
| ACS | $ 5,711.00 | $ 75.56 |
| American Education Services | $ 25,657.00 | $ 266.89 |
| Chase Bank | $ 16,922.00 | $ 170.26 |
| Ed Financial | $ 56,496.00 | $ 304.13 |
| Sallie Mae | $ 37,615.00 | $ 360.45 |
| | $142,401.00 | $1,177.29 |

PRETRIAL ORDER at ¶ 2; ANS. TO INTERROGS. at ¶ 12. Subsequently, the Plaintiff was employed by the Knox County school system, earning approximately $32,000.00, but was laid off prior to the filing of this adversary proceeding. AMD. COMPL. at ¶ 7; JT. STMT. MAT. FACTS at ¶¶ 2. As of September 25, 2009, the Plaintiff was still unemployed and applying for a similar, permanent position within the school system. ANS. TO INTERROGS. at ¶ 10. He does not have any medical, physical, or mental disabilities, any illnesses, or any medical or physical limitations with respect to his work status or his driving privileges, and he is able to obtain some form of employment which would generate income. JT. STMT. MAT. FACTS at ¶¶ 13-16; ANS. TO INTERROGS. at ¶¶ 6-7; ANS. TO REQ. FOR ADMIS. at ¶¶ 1, 3, 4, 6. The Plaintiff's monthly expenses are as follows:

| | |
|---|---|
| mortgage | $ 330.00 |
| house insurance | $ 24.00 |
| health insurance | $ 190.00 |
| car insurance | $ 91.00 |
| utilities | $ 200.00 |
| phone/internet | $ 40.00 |
| cell phone | $ 40.00 |

|  |  |
|---|---|
| gas | $ 180.00 |
| city loan | $ 120.00 |
| doctors | $  60.00 |
| other loans | $ 100.00 |
| lawyer | $  50.00 *to be paid in five months |
| groceries | $ 450.00 |
| kids maintenance | $ 200.00 |
| repairs | $ 100.00 |
| entertainment | $ 100.00 |
| emergency | $ 100.00 |
| taxes | $  40.00 |
|  | $2,415.00 |

ANS. TO INTERROGS. at ¶ 22.[5] He owns and maintains two automobiles, both of which are thirteen years old and have over 175,000 miles, often necessitating repairs. JT. STMT. MAT. FACTS at ¶ 11; ANS. TO INTERROGS. at ¶ 9.

Based upon the record, no reasonable trier of fact could find that the Plaintiff meets the second prong of the *Brunner/Oyler* test, which requires the court to consider the existence of "additional circumstances" indicating that the Plaintiff's current financial circumstances are beyond his control and will continue into the future. There is, therefore, no undue hardship. "[T]he clear purpose of the second prong is to ensure that the hardship the debtor is experiencing is actually 'undue' as opposed to the garden variety financial hardship experienced by all debtors who file for bankruptcy relief." *Grant v. United States Dept. of Educ. (In re Grant)*, 398 B.R. 205, 212 (Bankr. N.D. Ohio 2008).

---

[5] Certain expenses differ from those listed on Schedule J, which included a transportation expense of $250.00, which, as per the Plaintiff, included gas, repairs, and maintenance, and the health insurance expense, which was $250.00 in Schedule J and included medical and dental and deductibles for health insurance for the Plaintiff's two children. ANS. TO INTERROGS. at ¶¶ 11, 22. Schedule J also included a monthly expense of $658.00 for the mortgage, taxes, and interest on a rental house located at 4707 Wise Spring Road, Knoxville, Tennessee, which was foreclosed upon in September 2009. ANS. TO INTERROGS. at ¶¶ 8, 11; JT. STMT. MAT. FACTS at ¶¶ 6, 9. Additionally, the $100.00 entertainment expense listed by the Plaintiff includes going out to eat twice a month. JT. STMT. MAT. FACTS at ¶ 12; ANS. TO INTERROGS. at ¶¶ 11, 22.

> Such circumstances must be indicative of a "certainty of hopelessness, not merely a present inability to fulfill financial commitment." They may include illness, disability, a lack of useable job skills, or the existence of a large number of dependents. And, most importantly, they must be beyond the debtor's control, not borne of free choice. Choosing a low-paying job cannot merit undue hardship relief.

*Oyler*, 397 F.3d at 385-86 (citations omitted); *see also Educ. Credit Mgmt. Corp. v. Mosko (In re Mosko)*, 515 F.3d 319, 325 (4th Cir. 2008) (holding that it is not an undue hardship to expect debtors to work second jobs to supplement insufficient income); *Barrett v. Educ. Credit Mgmt. Corp. (In re Barrett)*, 487 F.3d 353, 359 (6th Cir. 2007) ("[T]he most important factor in satisfying the second prong is that the 'additional circumstances' must be 'beyond the debtor's control, not borne of free choice.'"); *Healey v. Mass. Higher Educ. (In re Healey)*, 161 B.R. 389, 396 (E.D. Mich. 1993) ("A resolute determination to work in one's field of dreams, no matter how little it pays, cannot be the fundamental standard from which 'undue hardship' . . . is measured.").

> The center of gravity of the second prong of the *Brunner* test is permanency or, what can be termed, an involuntary inability to improve one's financial circumstances. Stemming from the principle, this Court has consistently espoused the maxim . . . that (1) a debtor's distressed state of financial affairs must be the result of events which are clearly out of their control, and (2) the debtor must have done everything within their power to improve their financial situation. Although *sine quo non*, the often used explanation, and a common paradigm for an "undue hardship" case, is the existence of a permanent disability, whether physical and/or mental.

*Campton v. United States Dept' of Educ. (In re Campton)*, 405 B.R. 887, 891 (Bankr. N.D. Ohio 2009) (quoting *Storey v. Nat'l Enter. Sys. (In re Storey)*, 312 B.R. 867, 871-72 (Bankr. N.D. Ohio 2004) (external citations omitted)).

Here, the record clearly shows that while the Plaintiff was unemployed but looking for similar employment as of September 25, 2009, he had previously earned $32,000.00 annually working for the Knox County school system. Moreover, he has admitted in his answers to requests

12

for admission and does not dispute that he does not have any physical or mental disabilities or illnesses, and that he is not physically unable to work, and that he has no work or driving limitations. *See* JT. STMT. MAT. FACTS at ¶¶ 13-15; ANS. TO INTERROGS. at ¶¶ 6-7; ANS. TO REQ. FOR ADMIS. at ¶¶ 1, 3, 4. The fact that he was laid off and did not immediately find employment is a "garden-variety" hardship facing many debtors in Chapter 7 and does not rise to the level of "additional circumstances" necessary to evidence an undue hardship, nor is this situation likely to persist, as the Plaintiff admitted that he is able to find some sort of employment to generate income. JT. STMT. MAT. FACTS at ¶ 16; ANS. TO REQ. FOR ADMIS. at ¶ 6. And although the Plaintiff disputes factual statements by the Defendants concerning his previously held position with the Knox County school system, whether he has domestic support obligations, and when his student loan debts were incurred, none of those facts taken in the Plaintiff's favor change the outcome or otherwise affect whether "additional circumstances" under the second prong of the *Brunner/Oyler* test exist.

Because he cannot present any facts that would establish the necessary "additional circumstances" required to meet the second prong of the *Brunner/Oyler* test, the court finds that it is not an undue hardship to require the Plaintiff to repay his student loan obligations to the Defendants and they are nondischargeable debts owed by the Plaintiff.[6]

---

[6] Because the Debtor did not meet his burden of proof with respect to establishing an undue hardship, the court may not exercise its equitable powers under 11 U.S.C. § 105(a) (2006) to grant a partial hardship discharge. *Miller v. Pa. Higher Educ. Assistance Agency (In re Miller)*, 377 F.3d 616, 624 (6th Cir. 2004).

A judgment consistent with this Memorandum will be entered.

FILED: January 26, 2010

BY THE COURT

*/s/ RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE